# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Date:                  March 1, 2013

Courtroom Deputy:   Nel Steffens
Court Reporter:     Tracy Weir
Interpreter:        Melinda Gonzalez-Hibner
Probation Officer:  Patrick Lynch

**Criminal Action No.   11-cr-00033-REB**

*Parties:*                                *Counsel:*

UNITED STATES OF AMERICA,                 Susan "Zeke" Knox

    Plaintiff,

v.

1.  LUIS RAUL AGUAYO-CASTRO,              Jeralyn Merritt

    Defendant.

## SENTENCING MINUTES

**11:08 a.m.    Court in session.**

Appearances of counsel.

Defendant is present in custody.

Interpreter is sworn; parties stipulate as to interpreter's qualifications.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

    **IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1, 1a, 2, and 2a is formally approved;

2. That the pending motions are resolved as follows:

    - the **Government's Motion Regarding Acceptance of Responsibility** [#467] filed February 14, 2013, is **GRANTED**;

    - the government's **Motion To Dismiss Count Two of the Indictment** [#468] filed February 14, 2013, is **GRANTED**;

    - the **Government's Title 18 U.S.C. § 3553(e) and § 5K1.1 Motion for Downward Departure Based on Substantial Assistance** [#469] filed February 14, 2013, is **GRANTED**;

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Count One of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **104 months**;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **five (5) years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        - that if the defendant is removed from this country, then defendant shall not re-enter without the lawful approval and authority of the Secretary of the Department of Homeland Security;

        - that if the defendant is removed from and then granted permission to lawfully return to this country, defendant shall report to the nearest United States Probation Department within 72 hours of defendant's lawful return to this country;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment

        fee of $100.00;

9. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

10. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

11. That an order and judgment of forfeiture shall be entered pursuant to the plea agreement of the parties and the admission of the defendant of the forfeiture allegation of the Indictment and under the authority of Fed. R. Crim. P. 32.2(b)(3) and the statutory provisions of 21 U.S.C. § 853(c);

12. That this court recommends that the Bureau of Prisons designate the defendant to a correctional facility or institution in or near El Paso, Texas; and

13. That the defendant is remanded to the custody of the United States Marshal.

The defendant has waived his right to appeal the sentence imposed.

**11:40 a.m.   Court in recess.**

Total time in court:   00:32

Hearing concluded.